# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA FORSTER, | Case No. 1:23-cv-00627-KES-BAM |
| Plaintiff, | **AMENDED SCHEDULING CONFERENCE ORDER** |
| v. | |
| TRACTOR SUPPLY COMPANY, et al., | Amendment to Pleadings: Completed |
| Defendants. | Initial Disclosures: Completed |
| | Expert Disclosure: December 13, 2024 |
| | Supplemental Expert Disclosure: January 24, 2025 |
| | Non-expert Discovery Cutoff: November 8, 2024 |
| | Expert Discovery Cutoff: February 28, 2025 |
| | Pre-trial Motion Filing Deadline: March 21, 2025 |
| | **Pre-Trial Conference**: **August 25, 2025 1:30 p.m. Courtroom 6 (KES)** |
| | **Jury Trial**: (5-7 days) **October 28, 2025 9:00 a.m. Courtroom 6 (KES)** |

1

This Court held a Scheduling Conference on July 25, 2023. The Court provided case management dates to the parties, but indicated its intent to issue the Scheduling Conference Order only after the parties filed their stipulation to dismiss Defendant Tractor Supply Company West, LLC. (Doc. 6.) On August 18, 2023, Defendant Tranctor Supply Company West, LLC was dismissed from this action by operation of law. (Doc. 9.) Due to inadvertence, the Court did not issue a prior written Scheduling Conference Order. Based on the Joint Scheduling Report submitted by the parties, and pursuant to Federal Rule of Civil Procedure 16(b), this Court set a schedule for this action and issued its scheduling conference order on March 26, 2024. (Doc. 12.)

On April 10, 2024, the Court held a status conference to address the status of discovery due to the delayed issuance of the Scheduling Conference Order. (Doc. 15.) At that conference, Defendant proposed modification of some discovery deadlines, and the Court directed the parties to meet and confer to discuss potential modification of the Scheduling Conference Order. (*Id.*)

On May 2, 2024, the Court held a further status conference. Counsel Brian Forsythe appeared by Zoom video on behalf of Plaintiff Dianna Forster. Counsel Michael Carruth appeared by Zoom video on behalf of Defendant Tractor Supply Company. Defendant's counsel proposed a five-month extension of all discovery and trial dates that had not yet been completed. Plaintiff's counsel proposed a two-month to four-month extension. Defendant's counsel informed the Court that the parties had initially intended to pursue mediation prior to setting depositions, but now believed that setting depositions prior to mediation would make mediation more effective. Counsel for the parties noted that they still needed to set depositions for Plaintiff and some of Defendant's key individuals and that further discovery was needed regarding Plaintiff's medical treatment. The parties further indicated that they had begun drafting a protective order but had not yet filed a stipulated protective order with the Court.

Given the parties' requests and good cause appearing, the Court AMENDS its Scheduling Conference Order.

**1.     Current Status of Consent to the Magistrate Judge Jurisdiction**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Barbara A. McAuliffe, U.S. Magistrate Judge.

**2.     Amendment to the Parties' Pleadings and Initial Disclosures**

The cutoff for all stipulated amendments or motions to amend was completed on October 27, 2023. Initial disclosures were completed by August 11, 2023.

**3.     Discovery Cutoffs and Limits**

Initial expert witness disclosures by any party shall be served no later than **December 13, 2024**. Supplemental expert witness disclosures by any party shall be served no later than **January 24, 2025.** Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with.

All non-expert discovery, including motions to compel, shall be completed no later than **November 8, 2024**. All expert discovery, including motions to compel, shall be completed no later than **February 28, 2025**. Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time. A parties' failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

**4.     Non-Dispositive Pre-Trial Motions**

Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Barbara A. McAuliffe, United States Magistrate Judge, in Courtroom 8. Before scheduling such motions, the parties shall comply with Local Rule 230 or Local Rule 251.

Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar. In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent Judge McAuliffe's chambers by email to bamorders@caed.uscourts.gov. Counsel for the parties are additionally required to conduct at least one

**telephonic or in person conference** as part of their obligations to meet and confer in good faith to resolve their discovery dispute prior to seeking judicial intervention. The parties are further cautioned that boilerplate objections to written discovery will be summarily denied.

Upon stipulation of the parties, Judge McAuliffe will resolve discovery disputes by informal telephonic conference outside the formal procedures of the Local Rules and Federal Rules of Civil Procedure governing noticed motions to compel. The procedures for requesting an informal telephonic conference are set forth in Judge McAuliffe's Case Management Procedures located on the Court's website, http://www.caed.uscourts.gov. If the parties stipulate to an informal ruling on a discovery dispute that arises during a deposition, they may request an informal ruling during the deposition by contacting Judge McAuliffe's Courtroom Deputy, Esther Valdez, by telephone at (559) 499-5788.

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge McAuliffe shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limitations do not include exhibits. Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the Court.

***Young Attorneys and Motions before Judge McAuliffe***: Hearings on motions before Judge McAuliffe are often vacated and submitted upon the record and briefs. *See* L.R. 230(g). However, the Court recognizes the value and importance of training young attorneys, and the Court encourages the parties to consider assigning the oral argument to an attorney with seven (7) years or less experience out of law school. If any party provides notification that a young attorney from at least one party will argue the motion, the Court will hold the hearing as scheduled. The parties shall so notify the Court by separately including a section after the conclusion of the motion, opposition, or reply briefing requesting the hearing remain on calendar. If no party provides such notice, the hearing may be vacated without further notice.

**5.  Dispositive Pre-Trial Motions**

All dispositive pre-trial motions shall be filed no later **March 21, 2025**, and heard pursuant to the Local Rules in Courtroom 6 (KES) before United States District Judge Kirk E. Sherriff. In scheduling such motions, counsel shall comply with **Fed. R. Civ. P 56 and Local Rules 230 and 260**.

*Motions for Summary Judgment or Summary Adjudication*: Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a Joint Statement of Undisputed Facts.

The moving party shall initiate the meeting and provide a draft of the Joint Statement of Undisputed Facts. **In addition to the requirements of Local Rule 260, the moving party shall file a Joint Statement of Undisputed Facts.**

In the Notice of Motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

**6.     Settlement Conference**

A Settlement Conference has not been scheduled. The parties may contact Courtroom Deputy Esther Valdez at (559) 499-5788 to schedule a settlement conference. If a settlement conference is set, the parties are advised that unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

**7.     Pre-Trial Conference Date**

The pre-trial conference is set for **August 25, 2025, at 1:30 p.m. in Courtroom 6 (KES)** and will be heard before United States District Judge Kirk E. Sherriff.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2)**. The parties are further directed to submit a digital copy of their Pretrial Statement in Word format, directly to Judge Sherriff's chambers by email at kesorders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules. In addition to the matters set forth in the

5

Local Rules, the Joint Pretrial Statement shall include a Joint Statement of the Case to be used by the Court to explain the nature of the case to the jury during voir dire.

**8.    Trial Date**

Trial is set for **October 28, 2025, at 9:00 a.m. in Courtroom 6 (KES)** before United States District Judge Kirk E. Sherriff.

  A. This is a jury trial.

  B. Counsels' Estimate of Trial Time:    5-7 days.

  C. Counsels' attention is directed to Local Rule 285 for the Eastern District of California.

**9.    Effect of This Order**

This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.  **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.**  The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

 Dated:   **May 2, 2024**       /s/ *Barbara A. McAuliffe*
              UNITED STATES MAGISTRATE JUDGE