UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA FORSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>TRACTOR SUPPLY COMPANY,<br><br>    Defendant. | No.   1:23-cv-00627-KES-BAM<br><br>ORDER REGARDING DEFENDANT'S MOTION FOR RELIEF FROM THE COURT'S JUNE 17, 2024 ORDER<br><br>(Doc. 23) |

Pending before the court is defendant Tractor Supply Company's ("Tractor Supply") motion for relief ("Motion") from the court's June 17, 2024, order taking under submission plaintiff Dianna Forster's motion for leave to file a first amended complaint and to remand this action to state court ("Motion to Amend and Remand") (Doc. 18). Doc. 23. Tractor Supply seeks leave to file an untimely opposition to the Motion to Amend and Remand. Forster opposes Tractor Supply's Motion. Doc. 24. This matter is suitable for resolution without a hearing pursuant to Local Rule 230(g). For the reasons stated below, Tractor Supply may file by July 16, 2024, its opposition to Forster's pending Motion to Amend and Remand.

Forster filed her Motion to Amend and Remand on May 24, 2024, and therefore Tractor Supply's opposition was due by June 7, 2024. L.R. 230(c); Doc. 23-1 at 10. On June 17, 2024, the court issued a minute order taking the Motion to Amend and Remand under submission and

1

noted that Tractor Supply had failed to file an opposition. Doc. 21. The June 17, 2024 minute order also indicated that the court would issue a written order on the Motion to Amend and Remand. *Id.*[1]

On June 21, 2024, Tractor Supply filed the present Motion, seeking leave to file an untimely opposition to Forster's Motion to Amend and Remand. Doc. 23-1. Tractor Supply states that its failure to file a timely opposition was because counsel "inadvertently failed to calendar the deadline." Doc. 23-1 at 2. Tractor Supply argues that an untimely opposition will not prejudice Forster and that Forster had not filed her amended complaint as of the date of filing of Tractor Supply's Motion. *Id.* at 8-9. Forster argues that Tractor Supply's failure to file an opposition is "just another effort to delay" the case and states that she was awaiting the court's written order prior to filing her amended complaint. Doc. 24 at 5. Forster attaches her proposed first amended complaint to her opposition. Doc. 24–1 at 78 (Ex. J). Forster further argues that she will be prejudiced if Tractor Supply is allowed to file an untimely opposition, because she is 74 years old and would have been entitled to preference in state court pursuant to California Code of Civil Procedure Section 36. *Id*.

The court may relieve a party from an order for "mistake, inadvertence, or excusable neglect" and may allow a party to file an untimely opposition. Fed. R. Civ. P. 60(b)(1); *see also* Fed. R. Civ. P. 6. "Excusable neglect 'encompasses situations in which the failure to comply with a filing deadline is attributable to negligence,'" and may include "'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd.*, 507 U.S. 380, 388, 394 (1993)) (alterations omitted). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). In determining whether the neglect was excusable, the court considers: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the

---

[1] The June 17, 2024, minute order did not grant or deny the Motion to Amend and Remand. Pursuant to Local Rule 230(g), the court took the Motion to Amend and Remand under submission to be decided on the record and briefing on file, "subject to the power of the Court to reopen the matter for further briefs or oral arguments or both." L.R. 230(g).

1  proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."
2  *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (citing *Pioneer*, 507
3  U.S. at 395).  These factors are "not an exclusive list," *Briones v. Riviera Hotel & Casino*, 116
4  F.3d 379, 381 (9th Cir. 1997); the court must consider "all relevant circumstances," *Pioneer*, 507
5  U.S. at 395.
6      The court finds that on balance the *Pioneer* factors weigh in favor of finding that Tractor
7  Supply's failure to timely file its opposition to the Motion to Amend and Remand resulted from
8  excusable neglect.  First, the court considers Forster's argument that she will be prejudiced by the
9  filing of an untimely opposition.  Although Forster argues Tractor Supply has delayed the
10 proceedings on various occasions, removal of the case to federal court by itself is not an improper
11 delay.  Further, Tractor Supply's knowledge that a Motion to Amend and Remand would be filed
12 does not by itself indicate that it intentionally delayed the proceedings.  As the delay in filing an
13 opposition has not significantly impacted the proceedings, Forster will not be prejudiced by the
14 filing of an untimely opposition.  Second, Tractor Supply's delay in seeking leave to file an
15 untimely opposition was minimal and did not significantly impact the proceedings.  *See, e.g.,*
16 *Linder v. Bridge*, 2015 WL 1778608, at *4 (N.D. Cal. Apr. 17, 2015) (finding delay of eight days
17 was "fairly minor").  The court had not yet issued its written order on the Motion to Amend and
18 Remand, and Tractor Supply filed its motion within a few days of the June 17, 2024 minute order.
19 Third, Tractor Supply's reason for delay in filing the reply in support of the motion to strike – a
20 calendaring mistake which it attempted to correct within a few days of realizing its mistake –
21 constitutes excusable neglect.  *See, e.g.*, *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004)
22 (affirming district court decision finding failure to calendar deadline was excusable neglect);
23 *Ahanchian*, 624 F.3d 1262 (9th Cir. 2010) ("While a calendaring mistake caused by the failure to
24 apply a clear local rule may be a weak justification for an attorney's delay, we have previously
25 found the identical mistake to be excusable neglect.").  Finally, Forster has not provided any
26 evidence that Tractor Supply is intentionally delaying the proceedings and the court finds that
27 Tractor Supply acted in good faith in filing the instant Motion.
28     Based on the record, the court concludes Tractor Supply's failure to timely file its

opposition to the Motion to Amend and Remand constitutes excusable neglect. Accordingly, it is hereby ORDERED that:

    1. Tractor Supply shall file its opposition to the Motion to Amend and Remand (Doc. 18) no later than July 16, 2024.

    2. Forster shall file her reply, if any, within 10 days of the filing of the opposition.

    3. The hearing set for July 26, 2024, on Tractor Supply's Motion (Doc. 23) is vacated.

IT IS SO ORDERED.

Dated:   July 11, 2024

UNITED STATES DISTRICT JUDGE

4