1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   DIANNA FORSTER,                          No.  1:23-cv-00627-KES-BAM

12              Plaintiff,

13        v.                                  ORDER GRANTING MOTION TO FILE
                                              FIRST AMENDED COMPLAINT AND TO
14   TRACTOR SUPPLY COMPANY,                  REMAND ACTION

15              Defendant.

16                                            (Doc. 18)

17

18        Plaintiff Dianna Forster moves for leave to amend her complaint and to remand this action

19   to the Madera County Superior Court.  Motion for Leave to File First Amended Complaint and to

20   Remand Action to State Court ("Motion"), Doc. 18.  After receiving leave to file an untimely

21   opposition, Defendant Tractor Supply Company ("Tractor Supply") opposed the Motion.

22   Opposition to Motion ("Opposition"), Doc. 26.  Forster then filed her reply.  Reply to Motion

23   ("Reply"), Doc. 27.  This matter is suitable for resolution without a hearing pursuant to Local

24   Rule 230(g).  For the reasons set forth below, Forster's Motion is granted.

25   I.   **BACKGROUND**

26        Plaintiff Dianna Forster, a citizen of California, filed a personal injury action in Madera

27   County Superior Court alleging she was injured when a forklift operated by a Tractor Supply

28
                                              1

employee hit her.  Notice of Removal, Ex. 1 ("Complaint"), Doc. 1 at 2, 8.  Forster's suit alleged claims against defendants Tractor Supply Company, Tractor Supply Company West, LLC, and Does 1 to 50, for (1) general negligence, (2) premises liability, (2) negligent hiring, supervision, or retention of employee, and (4) negligent infliction of emotional distress.  *See* Complaint, Doc. 1 at 5-11.  The Complaint indicates that Does 1 to 50 "were agents or employees of other named defendants and acted within the scope of that agency or employment" and that the Doe defendants are "persons whose capacities are unknown to plaintiff."  Complaint, Doc. 1 at 6.  Forster served interrogatories on defendants on April 14, 2023, seeking, among other information, the identity of the Tractor Supply employee at fault for the accident and individuals who witnessed or reported the accident.  Motion, Doc. 18-1 at 3; Declaration of Steven S. Dias in Support of Motion; Doc. 18-2 at ¶ 5.

On April 21, 2023, Tractor Supply removed this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).[1]  Notice of Removal, Doc. 1.  On July 25, 2023, the assigned magistrate judge held a status conference with the parties, set case management dates, and indicated the court's intent to issue a Scheduling Conference Order after the parties dismissed defendant Tractor Supply West, LLC, as the parties proposed to do.  Docs. 6, 12.  Forster voluntarily dismissed Tractor Supply West, LLC from this action on August 18, 2023.  Docs. 7, 9.  No district judge was assigned to this matter between mid-November 2023 and March 14, 2024, due to a judicial vacancy in Fresno.  This case was reassigned to the undersigned on March 14, 2024. Doc. 11.  The assigned magistrate judge then issued the Scheduling Conference Order on

---

[1]  Tractor Supply's Notice of Removal states that it is a limited liability company formed under the laws of the State of Delaware, with its principal place of business in the State of Tennessee. Notice of Removal, Doc. 1 at 2.  For purposes of assessing diversity jurisdiction, "[a] limited liability company is a citizen of every state of which its owners/members are citizens, not the state in which it was formed or does business."  *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024) (internal quotation marks and citation omitted).  Assuming Tractor Supply is a limited liability company as pleaded, it has not identified its owners, or their state(s) of citizenship, and it may have failed to sufficiently establish its citizenship to invoke diversity jurisdiction.  The court also notes that the Delaware Secretary of State website lists Tractor Supply as a Delaware corporation.  As this order grants Forster's motion to amend her complaint and finds that remand is appropriate under 28 U.S.C. § 1447(e) based on the joinder of non-diverse defendants Carter-Still and Jimenez, it does not further address whether Tractor Supply has established its diverse citizenship.

1   March 26, 2024.  Doc. 12.  The Scheduling Conference Order listed August 11, 2023 as the
2   parties' deadline to make initial disclosures, and October 27, 2023 as the deadline to file
3   stipulated amendments or motions to amend (*id.* at 2), but the parties did not make initial
4   disclosures until early April 2024, shortly after the Scheduling Conference Order was issued.
5       Following the parties' initial disclosures, Forster moved on May 24, 2024 to amend her
6   complaint and remand this action to state court.  *See* Motion, Doc. 18.  Forster seeks to amend her
7   complaint to add Candice Carter-Still, the Tractor Supply employee whose alleged negligence
8   caused Forster's injuries, and Danny Jimenez, the store manager, as defendants.  Forster alleges
9   Carter-Still and Jimenez are citizens of California.  Motion, Doc. 18-1 at 2.  Forster further
10  alleges that she did not know the identities of the employee or store manager at the time she filed
11  her complaint or at the time of removal.  Motion, Doc. 18-1 at 2.  On April 14, 2023, prior to the
12  removal of this action, plaintiff sought to discover the identities of the employee and store
13  manager by propounding interrogatories.  Declaration of Steven S. Dias in support of Motion,
14  Doc. 18-2 at 2.  Forster alleges she did not know the identities of the store employee and store
15  manager until she received Tractor Supply's initial disclosures in early April 2024.  Motion, Doc.
16  18-1 at 4.  Forster now seeks to amend her complaint to add the store employee and manager as
17  defendants.  *Id.*  Joinder of the two nondiverse defendants to this action would destroy diversity
18  jurisdiction.

19  **II.   LEGAL STANDARD**

20      "If after removal the plaintiff seeks to join additional defendants whose joinder would
21  destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the
22  action to the State court."  28 U.S.C. § 1447(e).  "The language of § 1447(e) is couched in
23  permissive terms," and "the decision regarding joinder of a diversity destroying-defendant is left
24  to the discretion of the district court."  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.
25  1998).

26      District courts generally consider the following factors when exercising their discretion to
27  permit or deny joinder of non-diverse defendants: (1) whether the new defendants are needed for
28  a just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether

3

the statute of limitations would preclude the filing of a new action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendants appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *Eguilos v. Volkswagen Grp. of Am., Inc.*, No. 2:22-CV-00614-KJM-KJN, 2022 WL 2713273, at *2 (E.D. Cal. July 13, 2022) (compiling district court cases); *Bakkal v. Costco Wholesale Corp.*, No. 2:22-CV-01615-ART-BNW, 2023 WL 4581656, at *2 (D. Nev. July 17, 2023).  "Any of these factors might prove decisive, and none is an absolutely necessary condition of joinder." *Sabag v. FCA US, LLC*, No. 2:16-CV-06639-CAS(RAOX), 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016) (quoting *Cruz v. Bank of N.Y. Mellon*, No. 12-00846, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012)).  "[D]efendant bears the burden of establishing that removal is proper," and any doubt as to removability is resolved in favor of remand." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

## III.   ANALYSIS

As Forster seeks to join new defendants who would destroy diversity jurisdiction, 28 U.S.C. § 1447(e) governs, and the court considers each of the six factors above to determine whether joinder of the new defendants and remand are appropriate.

### A.      <u>Joinder Under Rule 19(a)</u>

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a).  "Although courts consider the standard set forth in Rule 19 in determining whether to permit joinder under Section 1447(e), 'amendment under [Section] 1447(e) is a less restrictive standard than for joinder under Rule 19.'" *Avellanet v. FCA US LLC*, No. CV 19-7621-JFW(KSX), 2019 WL 5448199, at *1 (C.D. Cal. Oct. 24, 2019) (quoting *Sabag*, 2016 WL 6581154, at *4). "This standard is met when failure to join will lead to separate and redundant actions," but not when the non-diverse

1    defendants "are only tangentially related to the cause of action or would not prevent complete
2    relief." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp.
3    2d 1008, 1011–12 (N.D. Cal. 2000).  The salient question for purposes of § 1447(e) is whether
4    joinder will prevent separate and redundant actions.  *Eguilos*, 2022 WL 2713273, at *2.

5         Forster contends that joinder is necessary for a just adjudication because Carter-Still and
6    Jimenez are substantially involved in the underlying incident in this case.  Motion, Doc. 18-1 at 7;
7    Reply, Doc. 27 at 3.  Tractor Supply argues that it would be vicariously liable for its employees'
8    actions, that it is obligated to defend and indemnify its employees, and thus, the employees are
9    not needed for a just adjudication.  Opposition, Doc. 26 at 10.  However, the fact that Tractor
10   Supply may be held liable for its employees' actions does not afford Forster complete relief
11   where she may still seek redress from the employees.  "Respondeat superior makes employers
12   vicariously liable for the negligent acts of their employees; it does not shield employees from
13   suits for their negligence."  *Silva v. Wal-Mart Stores, Inc.*, No. CV 18-1218-JFW(AGRX), 2018
14   WL 6112613, at *2 (C.D. Cal. Mar. 28, 2018).  Forster may pursue claims against Tractor
15   Supply's employees individually and thus, Carter-Still and Jimenez may be properly joined under
16   Rule 19.  *See Roblin v. Costco Wholesale Corp.*, No. 23-CV-01828-RFL, 2024 WL 1131038, at
17   *2 (N.D. Cal. Mar. 4, 2024) (compiling cases).  If joinder were not permitted, Forster could still
18   seek redress from Carter-Still and Jimenez by filing in state court, and, therefore, joinder of these
19   new defendants will prevent separate and redundant actions.  Accordingly, this factor weighs in
20   favor of permitting joinder of the Tractor Supply employees.

21        **B.    <u>Statute of Limitations</u>**

22        If the statute of limitations would preclude the filing of an action against the new
23   defendants in state court, this factor would weigh in favor of granting leave to amend to add the
24   new defendants.  *Reyes v. FCA US LLC*, No. 1:20-CV-00833-DAD-SKO, 2020 WL 7224286, at
25   *10 (E.D. Cal. Dec. 8, 2020).  If, however, a "plaintiff could file an action against the joined
26   defendant in state court, then there is less reason to join them in this action."  *Id.* (quoting *Sandhu
27   v. Volvo Cars of N. Am., LLC*, No. 16-CV-04987-BLF, 2017 WL 403495, at *3 (N.D. Cal. Jan.
28   31, 2017).  Forster does not contend that the statute of limitations has run or that she would be

1   precluded from filing a new action against Carter-Still and Jimenez in state court.  Motion, Doc.

2   18-1 at 7.  Accordingly, this factor weighs against permitting joinder of Carter-Still and Jimenez.

3       **C.     Timeliness**

4       In evaluating this factor, district courts consider the length of time that passed between the

5   filing of the original complaint and the amended complaint, and whether dispositive motions have

6   been filed.  *See Reyes*, 2020 WL 7224286, at *5 (compiling cases).

7       Forster's complaint was filed on January 17, 2023, and she sought to amend her complaint

8   on May 24, 2024.  While that time gap is significant, for part of that period this case was not

9   assigned to a district judge due to a judicial vacancy in Fresno.  *See* Docket.  Moreover, although

10  the scheduling conference was held on July 25, 2023, the Scheduling Conference Order was not

11  entered until March 26, 2024.  While the Scheduling Conference Order set a deadline of

12  August 11, 2023 to exchange initial disclosures, and a deadline of October 27, 2023 to file an

13  amended complaint (Doc. 12 at 2), those dates had long passed by the time the Scheduling

14  Conference Order was entered and the parties did not make initial disclosures until early

15  April 2024.  Forster asserts she did not ascertain the identities of the new defendants until

16  receiving Tractor Supply's initial disclosures in early April 2024, and she filed her motion to

17  amend shortly thereafter.  Tractor Supply argues that although initial disclosures were not

18  exchanged until April 2024, the parties had engaged in informal discovery and had attempted to

19  schedule a mediation.  Opposition, Doc. 26 at 12.  Tractor Supply asserts that it did not believe

20  Forster was still seeking to join the Tractor Supply employees.  *Id.* at 12-13.

21      Under the circumstances, the court finds Forster timely sought to amend her complaint to

22  add the new defendants once she became aware of their identities.  Tractor Supply and Forster did

23  not exchange initial disclosures until April 2024, and Forster timely filed the present motion after

24  receiving Tractor Supply's disclosures.  Forster also sought the identities of the relevant

25  employees through interrogatories at the onset of the case, just prior to the removal of the case to

26  federal court.  It does not appear that Tractor Supply responded to those interrogatories once the

27  case was removed, and Tractor Supply does not contend that Forster knew the identities of the

28  employees prior to its April 2024 initial disclosures.  Further, no dispositive motions have been

filed in this case, Forster filed her motion shortly after the Scheduling Conference Order was issued, and discovery remains open.  Forster timely pursued joinder of the new defendants following Tractor Supply's disclosure of the identities of the two employees.  As there has not been an unreasonable delay in seeking joinder of the two employees, this factor weighs in favor of permitting joinder of Carter-Still and Jimenez.

### D.    Motive for Seeking Joinder

"[T]he question of whether joinder is solely intended to defeat jurisdiction is 'intertwined' with the question of whether the claims against the new defendant appear valid."  *Sabag*, 2016 WL 6581154, at *5–6 (finding that the plaintiff's motive in joining dealership defendant was "not solely to destroy diversity" because plaintiff's claim against the dealership was "facially legitimate").  "Courts have permitted joinder even where the plaintiff appears to be primarily motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid claim against the non-diverse defendant."  *Reyes*, 2020 WL 7224286, at *6 (collecting cases).  Moreover, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants."  *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012.

Although Forster has indicated her interest in availing herself of a trial preference she would receive in state court, joinder of the two Tractor Supply employees is not sought solely to defeat diversity jurisdiction.  Forster originally listed as Doe defendants the employees she alleged were at fault in the incident.  The Complaint detailed the events of the incident, contained allegations that an employee was negligently operating a forklift, and contained a cause of action asserting negligence in the training, supervision, and hiring of the employee driving the forklift.  *See* Complaint, Doc. 1 at 5-11.  Forster also sought to discover the names of the employees involved prior to removal.  The actions of the employee driving the forklift and the store manager are more than tangentially related – their actions are directly at issue in this action.  As the two employees Forster seeks to add are more than tangentially related to the causes of action in this case, this factor weighs in favor of joinder of Carter-Still and Jimenez.

1    **E.      Validity of Claims**

2           "The existence of a facially legitimate claim against the putative defendant weighs in

3    favor of permitting joinder under [Section] 1447(e)." *Westberg v. FCA US LLC*, No. 1:18-cv-

4    01509-BAM, 2019 WL 3500559, at *3 (E.D. Cal. Aug. 1, 2019) (quoting *Forward–Rossi v.*

5    *Jaguar Land Rover N. Am., LLC*, No. 2:16-cv-00949-CAS(KSx), 2016 WL 3396925, at *4 (C.D.

6    Cal. June 13, 2016)).  This factor requires only that the claim be facially valid, which is a lower

7    standard than on a motion to dismiss or a motion for summary judgment.  *See Sabag*, 2016 WL

8    6581154, at *6 (quoting *Freeman v. Cardinal Health Pharm. Servs., LLC*, No. 2:14-cv-01994-

9    JAM-KJN, 2015 WL 2006183, *3 (E.D. Cal. 2015)).

10          Tractor Supply argues that Forster's claims against Carter-Still and Jimenez

11   "unequivocally occurred within the scope of their employment" and will be imputed to Tractor

12   Supply.  Opposition, Doc. 26 at 16.  However, as set forth above, Forster also has valid claims

13   against Carter-Still and Jimenez.  As such, this factor weighs in favor of joinder.

14   **F.      Prejudice**

15          "Prejudice exists if the proposed defendant is 'crucial' to the case.  Prejudice does not

16   exist if complete relief can be afforded without that defendant." *Sabag*, 2016 WL 6581154, at *6

17   (quoting *McCarty v. Johnson & Johnson*, No. 1:10-cv-00350-OWW-DLB, 2010 WL 2629913, *9

18   (E.D. Cal. 2010) (citation omitted)).  "Where claims against parties sought to be joined in an

19   action 'arise out of the same factual circumstances,' it is in the economic benefit of all parties and

20   the judicial system to 'have the entire controversy adjudicated only once,' and to force the

21   plaintiff to 'proceed with expensive litigation in state court against [the putative defendant] would

22   create avoidable prejudice.'" *Claar v. Centaur Holdings United States Inc.*, No. 5:22-CV-00742-

23   SHK, 2023 WL 359489, at *9 (C.D. Cal. Jan. 19, 2023) (quoting *Sagrero v. Bergen Shippers*

24   *Corp.*, No. 2:22-CV-04535-SPG-RAO, 2022 WL 4397527, at *4 (C.D. Cal. Sept. 23, 2022)).

25          Efficiency and economic considerations warrant having all claims against all the

26   defendants adjudicated in the same action, and Forster would be prejudiced if she were required

27   to pursue separate federal and state cases over this single accident.  Having this matter resolved in

28   one court would also avoid inconsistent judgments.  Tractor Supply does not argue that it will

1  suffer prejudice if joinder of its employees is permitted, and it does not dispute that Forster's

2  claims against the new defendants arise out of the same factual circumstances.  Rather, it argues,

3  incorrectly, that Forster has no separate or independent claims against the employees.

4  Opposition, Doc. 26 at 16-17.  As set forth above, Forster may bring suit directly against the

5  Tractor Supply employees and is not limited to pursuing Tractor Supply on a respondeat superior

6  theory of liability.  As such, this factor weighs in favor of joinder.

7        The balance of the § 1447(e) factors weigh in favor of permitting joinder of Carter-Still

8  and Jimenez.  Given the balance of these factors, the strong presumption against removal

9  jurisdiction, and Tractor Supply's failure to meet its heavy burden of proving fraudulent joinder,

10  the court concludes that the joinder of Carter-Still and Jimenez is appropriate.  The court will

11  exercise its discretion and permit their joinder in this action.

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**IV.    CONCLUSION**

Tractor Supply removed this action based on diversity of citizenship.  Notice of Removal, Doc. No. 1 at 1.  Forster has established that the joinder of defendants Carter-Still and Jimenez in this action is warranted.  As the addition of Carter-Still and Jimenez, both citizens of California, destroys diversity jurisdiction, the court will remand this action to the Madera County Superior Court.  28 U.S.C. § 1447(e).

Accordingly, the court ORDERS:

1. Forster's Motion (Doc. 18) is GRANTED.

2. Forster's First Amended Complaint (Exhibit I to the Declaration of Steven S. Sias in Support of Motion, Doc. 18-2 at 75-81) is deemed filed and is the operative complaint.

3. This action is REMANDED to the Madera County Superior Court for lack of subject matter jurisdiction.

4. The Clerk of Court shall mail a copy of this order to the clerk of the Madera County Superior Court.

5. The Clerk of Court is directed to close this case.


IT IS SO ORDERED.

Dated:    August 23, 2024

_____
UNITED STATES DISTRICT JUDGE